JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiff-appellant Anthony Hawley ("plaintiff") appeals from the trial court's decision which dismissed his complaint for declaratory judgment and injunctive relief. For the reasons that follow, we reverse and remand.
 {¶ 3} The facts relevant to this appeal are not in dispute. In his complaint, plaintiff alleges that he was indicted in 1991 on charges of aggravated murder, kidnapping and aggravated robbery. As part of a plea agreement, plaintiff pled guilty to voluntary manslaughter. In exchange and upon the State's recommendation, the court nolled the remaining charges. The court sentenced plaintiff to serve seven to 25 years. In addition, the court imposed a three-year term of incarceration for the gun specification, to be served consecutively with, and prior to, the seven to 25-year sentence.
 {¶ 4} The Ohio Adult Parole Authority ("OAPA") rated plaintiff under its revised guidelines by assigning him within the offense category 11 for murder, rather than the offense category nine which applies to voluntary manslaughter. On January 25, 2001, plaintiff filed a complaint for declaratory judgment and injunctive relief against the OAPA and the Cuyahoga County Prosecutor. Therein, plaintiff maintained that classifying him under the offense indicted rather than the offense to which he pled guilty breached the terms of his plea agreement. The defendants moved to dismiss the action pursuant to Civ.R. 12(B)(6) for failure to state a claim. The court granted defendants' motions, which ruling plaintiff appealed on August 8, 2001.
 {¶ 5} However, on October 22, 2001, defendant, OAPA, moved this Court to stay proceedings in this appeal pending the Ohio Supreme Court's decision in Layne v. Ohio Adult Parole Authority (2001), 93 Ohio St.3d 1448
and Houston v. Wilkinson, et al. (2001), 93 Ohio St.3d 1449. Plaintiff filed a motion in agreement to stay on October 31, 2001. After initially denying the motion to stay, this Court issued a sua sponte order staying this appeal pending a decision in Layne. Both parties agree that the Ohio Supreme Court's decision in Layne controls the disposition of this appeal, wherein plaintiff assigns the following errors for our review:
 {¶ 6} "I. The trial court erred by dismissing appellant's complaint for declaratory judgment and injunctive relief pursuant to Civ.R. 12(B)(6) when it ignored the plain allegations and request found in the complaint, and where a real controversy arose between parties concerning appellant's contract and/or plea agreement with the State of Ohio for the offense of voluntary manslaughter, as well as the Ohio Parole Authorities' application of the `new' parole guidelines implemented March 1, 1998 for the offense of murder.
 {¶ 7} "II. The trial court erred when it failed to determine that the State of Ohio, its officers, employees, agents, departments, and agencies to include the Department of Rehabilitation and Correction and its division, the Ohio Adult Parole Authority, are bound by the terms of the agreement between appellant and itself, that agreement being entitled `plea agreement,' as was memorialized by the judgment entry filed in the Court of Common Pleas for Cuyahoga County, Ohio on January 22, 1992; and that June 9, 1999, the State of Ohio in the person of the Ohio Adult Parole Authority, breached said agreement by denying appellant the benefit of the reduction in the offense charged which was given as inducement, or in exchange for appellants' guilty plea.
 {¶ 8} "III. The trial court erred by failing to determine that appellant is entitled to judgment as a matter of law."
 {¶ 9} Each of plaintiff's errors depend on his contention that the OAPA breached the terms of his plea agreement by determining the offense category under its guidelines with reference to an indicted offense instead of the offense to which he pled guilty.
 {¶ 10} In Layne, the Ohio Supreme Court determined that a conflict existed among Ohio districts with regard to the following certified question: "[i]s a plea agreement breached when the Ohio Adult Parole Authority (`APA') classifies an offender, for purposes of its discretionary parole guidelines, according to the nature of the offense rather than the lesser offense to which the plea is entered when the plea agreement has been fully performed by the prosecutor and the sentencing court, and the APA's classification will not result in the offender being incarcerated beyond the maximum sentence under the plea agreement."Layne, 93 Ohio St.3d 1448, citing as the conflict case Randolph v. OhioAdult Parole Auth. (Jan. 21, 2000), Miami App. No. 99CA17.
 {¶ 11} In Layne, the Ohio Supreme Court examined several cases factually analogous to those pertinent in this appeal. Layne v. OhioAdult Parole Authority, et al., 97 Ohio St.3d 456, 2002-Ohio-6719, ¶¶ 4-20. Namely, the court addressed various appellate court decisions involving similar claims by inmates against the OAPA and county prosecutors. While some appellate districts dismissed the actions for failure to state a claim, as the trial court did in this case, others granted summary judgment in favor of the plaintiff inmate. Id.
 {¶ 12} The Ohio Supreme Court agreed with the reasoning set forth by the Second District in Randolph, which found that the APA must assign an inmate the offense category score that corresponds to the actual offense for which the inmate was convicted. The court felt this was necessary to afford meaning to the statutory provision that an inmate become "eligible for parole at the expiration of his minimum term." Id. at ¶ 27, citing R.C. 2967.13(A). To find otherwise, the court reasoned, would render that statutory provision meaningless. Consequently, the court held that "the APA must assign an inmate the offense category score that corresponds to the offense or offenses of conviction." The Ohio Supreme Court then reversed the appellate court decisions in Layne and Houston, which had dismissed the inmates' complaints for declaratory judgment and injunctive relief for failure to state a claim. In turn, the court affirmed the decision of the Third District Court of Appeals in Lee v. Ohio Adult Parole Authority (Aug. 31, 2001), Montgomery App. No. 18833, which had affirmed the trial court's judgment in favor of the inmate and directing the OAPA to assign the inmate the offense category score based on his conviction rather than his indicted offenses.
 {¶ 13} There is no dispute that the Ohio Supreme Court's decision in Layne controls the disposition of this appeal. See, also, In reParole Determination Involving Indeterminate Sentencing Cases,98 Ohio St.3d 164, 2002-Ohio-7085. Based on the foregoing precedent, the trial court erred in dismissing plaintiff's complaint for failure to state a claim as the OAPA failed to assign plaintiff the offense category score for voluntary manslaughter. We note, however, that Layne makes explicit that the OAPA "still retains its discretion to consider any circumstances relating to the offense conviction" when considering an inmate for parole. Id. ¶ 28. Accordingly, plaintiff's assignments of error have merit and the trial court's judgment is reversed and this matter is remanded for further proceedings consistent with this opinion.
Judgment reversed and remanded.
KENNETH A. ROCCO, A.J., and TIMOTHY E. McMONAGLE, J., CONCUR.